IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| PAGE COUNTY, VIRGINIA, <br> a political subdivision of the <br> Commonwealth of Virginia, <br> Page County Board of Supervisors <br> 117 South Court Street <br> Luray, Virginia, 22835 <br><br> Plaintiff, <br><br> v. <br><br> MICHAEL B. MUKASEY, <br> Attorney General of the <br> United States of America, <br> GRACE CHUNG BECKER, <br> Acting Assistant Attorney General, <br> Civil Rights Division, <br> United States Department of Justice, <br> Washington, DC, 20530 <br><br> Defendants. | **FILED** <br><br> SEP 1 5 2008 <br><br> NANCY MAYER WHITTINGTON, CLERK <br> U.S. DISTRICT COURT <br><br> Civil Action No. 08-cv-01113 <br><br> (LFO-JWR-CKK) <br> (three-judge court) |

## CONSENT JUDGMENT AND DECREE

This action was initiated by Page County, Virginia, a political subdivision of the Commonwealth of Virginia (hereafter "the County"). The County is subject to the provisions of Section 5 of the Voting Rights Act of 1965, as amended, 42 U.S.C. §1973c. The County seeks a declaratory judgment under Section 4 of the Voting Rights Act of 1965, as amended, 42 U.S.C. §1973(b). A three-judge court has been convened as provided in 42 U.S.C. §1973b(a)(5) and 28 U.S.C. §2284.

Section 4(a) of the Voting Rights Act provides that a state or political subdivision subject to the special provisions of the Act may be exempted from those provisions if it can demonstrate in an action for a declaratory judgment before the United States



District Court for the District of Columbia that for the ten-year period prior to filing the action and during its pendency, it has both 1) complied with the Voting Rights Act, and 2) taken positive steps both to encourage minority political participation and to remove structural barriers to minority electoral influence. In order to demonstrate compliance with the Voting Rights Act during the ten-year period prior to commencement of a declaratory judgment action under Section 4(a), the County must satisfy five conditions:

> 1) the County has not used any test or device during that ten-year period for the purpose or with the effect of denying or abridging the right to vote on account of race or color;
> 2) no court of the United States has issued a final judgment during that ten-year period that the right to vote has been denied or abridged on account of race or color within the territory of the County, and no consent decree, settlement or agreement may have been entered into during that ten-year period that resulted in the abandonment of a voting practice challenged on such grounds; and no such claims may be pending at the time the declaratory judgment action is commenced;
> 3) no Federal examiners have been assigned to the County pursuant to the Voting Rights Act during the ten-year period preceding commencement of the declaratory judgment action;
> 4) the County and all governmental units within its territory must have complied with Section 5 of the Voting Rights Act, 42 U.S.C. § 1973c, during that ten-year period, including the requirement that voting changes covered under Section 5 not be enforced without Section 5 preclearance, and that all voting changes denied Section 5 preclearance by the Attorney General or the District Court for the District of Columbia have been repealed; and
> 5) neither the Attorney General nor the District Court for the District of Columbia have denied Section 5 preclearance to a submission by the County or any governmental unit within its territory during that ten-year period, nor may any Section 5 submissions or declaratory judgment actions be pending. 42 U.S.C. § 1973b(a)(1)(A-E).

In addition, to obtain the declaratory judgment, the County and all governmental units within its territory must have. 1) eliminated voting procedures and methods of election that inhibit or dilute equal access to the electoral process, 42 U.S.C.

2

§ 1973b(a)(1)(F)(i); and 2) engaged in constructive efforts to eliminate intimidation or harassment of persons exercising voting rights, and to expand the opportunity for convenient registration and voting for every person of voting age, and the appointment of minority persons as election officials throughout the jurisdiction and at all stages of the election and registration process, 42 U.S.C. § 1973b(a)(1)(F)(ii-iii). The County is required to present evidence of minority participation in the electoral process, including the levels of minority group registration and voting, changes in such levels over time, and disparities between minority group and non-minority group participation. 42 U.S.C. § 1973b(a)(2). In the ten years preceding bailout, the County must not have engaged in violations of any provision of the Constitution or laws of the United States or any State or political subdivision with respect to discrimination in voting on account of race or color. 42 U.S.C. § 1973b(a)(3). Finally, the County must provide public notice of its intent to seek a Section 4(a) declaratory judgment. 42 U.S.C. § 1973b(a)(4).

The Defendants Attorney General and Assistant Attorney General, after investigation, have agreed that the Plaintiff has fulfilled all conditions required by Section 4(a) and is entitled to the requested declaratory judgment. The parties have filed a Joint Motion, accompanied by a Stipulation of Facts, in support of entry of this Consent Judgment and Decree.

## FINDINGS

Pursuant to the parties' Stipulation of Facts and Joint Motion, this Court finds as follows:

1. The County is a political subdivision of the Commonwealth of Virginia, and a political subdivision of a state within the meaning of Section 4(a) of the Voting Rights Act, 42 U.S.C. § 1973b(a)(1).

2. The Page County Board of Supervisors is the legislative body that formulates policies for the administration of government in Page County. It is comprised of six Supervisors who are elected to serve four-year terms. One Supervisor is elected at large, and the other five Supervisors are elected from single-member districts. The chief administrative officer of the County government, the County Administrator, is appointed by and serves at the pleasure of the Page County Board of Supervisors. The general day to day operations of Page County are controlled by the Office of the County Administrator. Like the Board of Supervisors, the Page County School Board is comprised of six members, one of whom is elected at large, and five of whom are elected from the same single-member districts as are members of the Board of Supervisors. *See* VA. CODE ANN. §§ 15.2-1212 and 15.2-1213; VA. CODE ANN. §§ 15.2-1540 and 15.2-1541.

3. In addition to the County itself, there are three elected governmental units that exist completely in Page County within the meaning of 42 U.S.C. § 1973b(a)(1): the Town of Luray, the Town of Stanley, and the Town of Shenandoah. The Towns are governed by their respective Town Councils, each of which is elected at-large. The Town of Luray has a six-member Town Council; the Town of Stanley has a five-member Town Council; and the Town of Shenandoah has a six-member Town Council.

4. The County was designated as a jurisdiction subject to the special provisions of the Voting Rights Act on the basis of the determinations made by the Attorney General that Virginia maintained a "test or device" as defined by section 4(b) of the Act, 42 U.S.C. § 1973b(b), on November 1, 1964, and by the Director of the Census that fewer than 50 percent of the persons of voting age residing in the state voted in the 1964 presidential election.

5. There is no evidence that any discriminatory test or device has been used by the County during the ten years prior to the commencement of this action for the purpose or with the effect of denying or abridging the right to vote on account of race or color.

6. There is no evidence that any person in the County has been denied the right to vote on account of race or color during the past ten years.

7. No court of the United States has issued a final judgment during the last ten years prior to the commencement of this action that the right to vote has been denied or abridged on account of race or color in Page County, and no consent decree, settlement, or agreement has been entered into resulting in any abandonment of a voting practice challenged on such grounds during that time. No such claims presently are pending or were pending at the time this action was filed.

8. No Federal Examiners or Observers have been assigned to the County within the ten-year period preceding this action.

9. The County has not enforced any voting changes prior to receiving Section 5 preclearance during the ten-year period preceding this action.

10. All voting changes submitted by the County under Section 5 of the Voting Rights Act, 42 U.S.C. § 1973c, have been precleared by the Attorney General. No Section 5 submissions by the County are pending before the Attorney General. The County has never sought Section 5 judicial preclearance from this Court.

11. No voting practices or procedures have been abandoned by the County or challenged on the grounds that such practices or procedures would have either the purpose or the effect of denying the right to vote on account of race or color during the ten-year period preceding this action.

12. The County does not employ voting procedures or methods of election which inhibit or dilute equal access to the electoral process by the County's minority citizens.

13. There is no indication that in the past ten years any persons in Page County have been subject to intimidation or harassment in the course of exercising their right to participate in the political process. The County has engaged in constructive efforts over the years to enhance registration and voting opportunities for all of its citizens of voting age in a variety of ways. Voter registration opportunities in the County are readily and equally available to all citizens. The voter registration office is open 9:00 a.m. to 5:00 p.m. weekdays. The General Registrar's office is five blocks (walking distance) from the center of the only minority area in Page County. In addition, the General Registrar took the initiative to hold voter registration drives in the Bethel Baptist Church, which serves a majority of the minority population

concentration in Luray, Virginia, the County seat. Voters in Page County may also register by mail, and voter registration applications are available at locations convenient to voters throughout the County. Voter registration applications are also available at all Page County post offices, all County social services offices, and at all three public libraries in the County. Voter registration applications also can be downloaded online. In addition, the Page County Voter Registrar visits all three high schools in the County – two public schools, and one private school – each Fall to register voters. The opportunity to become a registered voter in Page County is also available under the National Voter Registration Act (the "NVRA") at the Department of Motor Vehicles ("DMV") offices and at all public assistance agencies in Page County. The opportunities for persons to register to vote in Page County have been made more convenient and available as a result of implementation of the NVRA.

14. Since the County, like other jurisdictions in Virginia, does not record the race of its registered voters, it is unable to present evidence directly measuring minority voter participation. Current data show, however, that a significant proportion of the County's voting age population is registered to vote. As of 2007, there were 14,691 registered voters in Page County, approximately 63.4% of the County's voting age population. The number of registered voters in the County has steadily risen over the last ten years. In 1997, for example, there were 11,121 registered voters in the County. By 2003, the number of registered voters had grown to 13,633. The number of registered

      voters in the County has continued to grow. As of 2007, there were 14,691 registered voters in the County. Thus, from 1997 to 2007, the total number of registered voters in the County has increased 32% (from 11,121 in 1997 to 14,691 in 2007). Voter turnout in elections within Page County (*i.e.*, the percentage of those registered voters who cast ballots) varies according to the offices up for election. In the last two Presidential election years (2000 and 2004), for example, 66% and 68% of the County's registered voters turned out to vote, respectively. In the General Elections for state and county offices held in November 1999, 2001, 2003, 2005, and 2007, 61%, 44%, 54%, 44%, and 51% of the County's registered voters turned out to vote, respectively.

15. The County has not engaged, within the ten years prior to the commencement of this action, in any violations of the Constitution or laws of the United States or any State or political subdivision with respect to discrimination in voting on account of race or color.

16. The County has publicized the intended commencement and proposed settlement of this action in the media and in appropriate United States post offices as required under 42 U.S.C. § 1973b(a)(4). No aggrieved party has sought to intervene in this action pursuant to 42 U.S.C. § 1973b(a)(4).

Accordingly, it is hereby ORDERED, ADJUDGED and DECREED:

    1. The Plaintiff, Page County, Virginia is entitled to a declaratory judgment in accordance with Section 4(a)(1) of the Voting Rights Act, 42 U.S.C. § 1973b(a)(1);

2. The parties' Joint Motion for Entry of Consent Judgment and Decree is GRANTED, and Page County, including the Towns of Luray, Stanley, and Shenandoah, shall be exempt from coverage pursuant to Section 4(b) of the Voting Rights Act, 42 U.S.C. § 1973b(b), provided that this Court shall retain jurisdiction over this matter for a period of ten years. This action shall be closed and placed on this Court's inactive docket, subject to being reactivated upon application by either the Attorney General or any aggrieved person in accordance with the procedures set forth in 42 U.S.C. § 1973b(a)(5).

3. The parties shall bear their own costs.

Entered this 15th day of September, 2008.

_____
UNITED STATES CIRCUIT JUDGE

_____
UNITED STATES DISTRICT JUDGE

_____
UNITED STATES DISTRICT JUDGE

Approved as to form and content:

**For the Plaintiff PAGE COUNTY:**

*/s/ J. Gerald Hebert*
J. GERALD HEBERT
Attorney at Law
5019 Waple Lane
Alexandria, Va. 22304
(703) 628-4673 (O)
DC Bar No. 447676

**For the Defendants MUKASEY and BECKER:**

MICHAEL B. MUKASEY
Attorney General
GRACE CHUNG BECKER
Acting Assistant Attorney General
JEFFREY A. TAYLOR
United States Attorney

*/s/ Christopher Coates*
CHRISTOPHER COATES
ROBERT POPPER
CHRISTY McCORMICK
Attorneys, Voting Section
Civil Rights Division
United States Department of Justice
Room 7254 – NWB
950 Pennsylvania Ave., N.W.
Washington, DC 20530
(202) 514-2386